UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 17-179** |
| **KENNETH MARTIN** | **SECTION: "G"** |

### ORDER AND REASONS

Before the Court is Defendant Kenneth Martin's ("Martin") motion for reconsideration of this Court's March 11, 2021, order denying Martin's motion for compassionate release.[1] As discussed in more detail below, Martin does not present any manifest error of law or fact, newly discovered evidence, or an intervening change in the controlling law that would warrant reconsideration. Accordingly, considering the motion, the record, and the applicable law, for the reasons that follow, the Court denies the motion.

### I. Background

On September 28, 2017, Martin was charged by an Indictment with conspiracy to distribute and to possess with the intent to distribute 40 grams or more of fentanyl and 100 grams or more of heroin ("Count 1"); four counts of distribution of a quantity of heroin ("Counts 2, 3, 4, and 5"); four counts of distribution of fentanyl ("Counts 6, 7, 8, and 9"); one count of possession of a firearm by a convicted felon ("Count 10"); and one count of possession of a firearm in furtherance of a drug trafficking crime ("Count 11").[2] On October 15, 2018, the

---

[1] Rec. Doc. 99.

[2] Rec. Doc. 17.

1

government filed a bill of information under 21 U.S.C. § 851, charging Martin with prior drug felonies.[3] On October 18, 2018, Martin pleaded guilty as charged in Counts 1, 2–8, 10, and 11 of the Indictment.[4]

When Martin entered his guilty plea, the statutory mandatory minimum sentence for his conviction, in light of the enhancements under 21 U.S.C. § 851, was a total of 180 months.[5] However, before Martin was sentenced, the First Step Act of 2018 was passed, which lowered the total mandatory minimum he faced to 120 months.[6]

On May 9, 2019, the Court sentenced Martin to the mandatory minimum term of 120 months imprisonment.[7] The Court also sentenced Martin to a term of 6 years of supervised release.[8]

On December 17, 2020, Martin filed a *pro se* motion for compassionate release pursuant to Section 3582(c)(1)(A).[9] When the motion for compassionate release was initially filed, Martin was incarcerated at the U.S. Penitentiary in Atlanta, Georgia.[10] However, during the pendency of the motion, Martin was transferred to the Federal Correctional Institution Texarkana, a low

---

[3] Rec. Doc. 49.

[4] Rec. Doc. 50.

[5] Rec. Doc. 57 at ¶ 110.

[6] Rec. Doc. 66.

[7] Rec. Doc. 82. Specifically, this Court sentenced Martin to a term of 60 months imprisonment as to each of Counts 1, 2, 3, 4, 5, 6, 7, 8, and 10, such terms to be served concurrently, and 60 months imprisonment as to Count 11, to be served consecutively to the sentence imposed for each of Counts 1, 2, 3, 4, 5, 6, 7, 8, and 10. *Id*. at 2.

[8] *Id*. at 3. Specifically, this Court sentenced Martin to a term of four years supervised release as to Count 1, six years as to Counts 2 through 8, and three years as to Counts 10 and 11, all terms to run concurrently. *Id*.

[9] Rec. Doc. 83.

[10] Rec. Doc. 83 at 14.

security facility.[11] His projected release date is February 8, 2026.[12]

On March 11, 2021, the Court denied the motion.[13] The Court found that Martin's medical conditions constituted extraordinary and compelling reasons for a reduction in sentence.[14] However, the Court noted that Martin did not provide any updated information on how COVID-19 has impacted his new, low-security facility.[15] Moreover, the Court pointed out that the BOP had begun to administer COVID-19 vaccinations to inmates.[16] As of March 11, 2021, the BOP had distributed 75,395 doses of the COVID-19 vaccine nationwide, and 182 inmates have been fully inoculated at FCI Texarkana.[17] Additionally, the Court found that the requested reduction was inconsistent with the Section 3553(a) factors and Martin would pose a danger to society if released.[18]

Over fifteen months later, on June 24, 2022, Martin filed the instant *pro se* motion for reconsideration of the March 11, 2021 Order.[19] Martin asserts that his being housed at a low security facility and his perfect prison record show that he would not pose a danger to society if he was released.[20] Although vaccines have been administered at FCI Texarkana, Martin argues

---

[11] https://www.bop.gov/inmateloc/.

[12] *Id.*

[13] Rec. Doc. 98.

[14] *Id.* at 22.

[15] *Id.*

[16] *Id.*

[17] *Id.* at 22–23 (citing https://www.bop.gov/coronavirus/).

[18] *Id.* at 23.

[19] Rec. Doc. 99.

[20] *Id.* at 1–2, 5.

that many vaccinated inmates at the facility continue to test positive for COVID-19.[21] Martin argues that the facility "stands among the worst in the federal system as it completely failed to protect Martin."[22] Finally, Martin asserts that a reduction is warranted after consideration of the Section 3553(a) factors.[23]

## II. Legal Standard

### A.   *Legal Standard for Reconsideration*

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[24] it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[25] Federal Rule of Civil Procedure 59(e) also allows courts to alter or amend judgments after entry. The Court has "considerable discretion" in deciding whether to grant a motion for reconsideration, but must "strike the proper balance between two competing imperatives: (1) finality and (2) the need to render just decisions on the basis of all the facts."[26] This Court's discretion is further bounded by the Fifth Circuit's instruction that reconsideration is "an extraordinary remedy that should be used sparingly,"[27] with relief being warranted only when the basis for relief is "clearly establish[ed]."[28] Courts in the Eastern District of Louisiana have

---

[21] *Id.* at 2–3.

[22] *Id.* at 3.

[23] *Id.* at 4.

[24] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

[25] *Id.* (Rules 59 and 60); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3–4 (E.D. La. Apr. 5, 2010) (Rule 54).

[26] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

[27] *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

[28] *Schiller v. Physicians Res. Grp, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Castrillo*, 2010 WL 1424398, at

generally considered four factors in deciding motions for reconsideration under the Rule 59(e) standard:

    (1)    the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

    (2)    the movant presents newly discovered or previously unavailable evidence;

    (3)    the motion is necessary in order to prevent manifest injustice; or

    (4)    the motion is justified by an intervening change in controlling law.[29]

A motion for reconsideration "[is] not the proper vehicle for rehashing evidence, legal theories, or arguments."[30] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[31] "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party."[32] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[33]

**B.   *Legal Standard for Compassionate Release***

---

*3.

[29] *See, e.g.*, *Castrillo*, 2010 WL 1424398, at *4 (citations omitted).

[30] *Id.* (quoting *Templet*, 367 F.3d at 478–79).

[31] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation and internal quotation marks omitted).

[32] *Helena Labs. Corp. v. Alpha Sci. Corp.*, 483 F. Supp. 2d 538, 539 (E.D. Tex. 2007) (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[33] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002). *See also Mata v. Schoch*, 337 B.R. 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented); *FDIC v. Cage*, 810 F. Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

Generally, a "court may not modify a term of imprisonment once it has been imposed."[34] Federal law provides three exceptions:

(1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A);[35]

(2) "to the extent expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"[36]; or

(3) when the defendant was sentenced based on a retroactively lowered sentencing range.[37]

Martin originally moved the Court to reduce his sentence under Section 3582(c)(1)(A).[38] Motions to reduce a sentence under Section 3582(c)(1)(A) are often referred to as "compassionate release" motions.[39] Prior to 2018, only the Director of the BOP could file a compassionate release motion under Section 3582(c)(1)(A).[40] In 2018, Congress passed, and the President signed into law, the First Step Act.[41] That Act amended the process to file compassionate release motions by permitting prisoners to file such motions directly with a court.[42]

Yet, before filing a compassionate release motion directly with a court, a prisoner must exhaust the administrative requirements under Section 3582(c)(1)(A).[43] Indeed, under

---

[34] 18 U.S.C. § 3582(c)(1).

[35] *Id.* § 3582(c)(1)(A).

[36] *Id.* § 3582(c)(1)(B).

[37] *Id.* § 3582(c)(2).

[38] Rec. Doc. 264.

[39] *See, e.g., United States v. Reeves*, No. CR 18-00294, 2020 WL 1816496, at *1 (W.D. La. Apr. 9, 2020).

[40] *Id.*

[41] *See id.*

[42] *See id.*

[43] *See* 18 U.S.C. § 3582(c)(1)(A).

3582(c)(1)(A), a defendant may personally move the Court to reduce his or her sentence after either (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or (2) "the lapse of 30 days from the receipt of [a request to the Bureau of Prisons to bring a motion on the defendant's behalf] by the warden of the defendant's facility," whichever is earlier.

Once Section 3582(c)(1)(A)'s exhaustion requirement is satisfied, a court may reduce a prisoner's sentence if it finds that (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."[44] Finally, the Court must "also consider [ ] the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable."[45]

### III. Analysis

On March 11, 2021, the Court denied Martin's motion for compassionate release.[46] The Court found that Martin's medical conditions constituted extraordinary and compelling reasons for a reduction in sentence.[47] However, the Court noted that Martin did not provide any updated information on how COVID-19 has impacted his new, low-security facility.[48] Moreover, the Court pointed out that the BOP had begun to administer COVID-19 vaccinations to inmates.[49] As of March 11, 2021, the BOP had distributed 75,395 doses of the COVID-19 vaccine

---

[44] *Id.*

[45] *Id.*

[46] Rec. Doc. 98.

[47] *Id.* at 22.

[48] *Id.*

[49] *Id.*

7

nationwide, and 182 inmates had been fully inoculated at FCI Texarkana.[50] Additionally, the Court found that the requested reduction was inconsistent with the Section 3553(a) factors and Martin would pose a danger to society if released.[51]

Over 15 months later, Martin filed a motion for reconsideration.[52] Martin does not present any manifest error of law or fact, newly discovered evidence, or an intervening change in the controlling law that would warrant reconsideration. Martin primarily argues that vaccines are not preventing inmates from contracting COVID-19. Although vaccines have been administered at FCI Texarkana, Martin argues that many vaccinated inmates at the facility continue to test positive for COVID-19.[53] As the CDC has recognized, "COVID-19 vaccines help protect against severe illness, hospitalization and death."[54] "When people who have been vaccinated get COVID-19, they are much less likely to experience severe symptoms than people who are unvaccinated."[55] Considering the widespread availability of vaccines and COVID-19 testing, Martin has not established that the BOP is unable to manage an outbreak within FCI Texarkana or that the facility is specifically unable to treat him if he were to contract the virus and develop COVID-19 symptoms.

Martin also points to his perfect disciplinary record and the fact that he is housed at a low

---

[50] *Id.* at 22–23 (citing https://www.bop.gov/coronavirus/).

[51] *Id.* at 23.

[52] Rec. Doc. 99.

[53] *Id.* at 2–3.

[54] Centers for Disease Control and Prevention, *COVID-19 after Vaccination: Possible Breakthrough Infection*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/why-measure-effectiveness/breakthrough-cases.html (last visited Jul. 27, 2022).

[55] *Id.*

security facility to show that he would not pose a danger to society if he released.[56] As the Court pointed out in the March 11, 2021 Order, the instant offenses involved Martin's possession and distribution of significant quantities of heroin and fentanyl. He also possessed multiple firearms in furtherance of his drug trafficking crimes. The Court also noted that Martin's pattern of criminal conduct has continued throughout his adult life, suggesting that he may pose a danger to society if released. Although the Court applauds Martin's positive disciplinary record, this factor alone does not override the other factors the Court considered at sentencing and when it denied the motion for compassionate release.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Kenneth Martin motion for reconsideration of this Court's March 11, 2021 order denying Martin's motion for compassionate release[57] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this 28th day of July, 2022.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[56] Rec. Doc. 90 at 1–2, 5.

[57] Rec. Doc. 271.